PROB 12C
(Rev.2011)

# United States District Court
## for
## Middle District of Tennessee

## Superseding Petition for Warrant for Offender Under Supervision
## [Supersedes Petition Filed as Docket Entry No. 47 ]

Name of Offender: Gregory William Brown      Case Number: 3:03-00210

Name of Sentencing Judicial Officer: William J. Haynes, Jr., Chief United States District Judge

Date of Original Sentence: July 15, 2005

Original Offense: 18 U.S.C. § 2113(a) Bank Robbery

Original Sentence: 120 months' custody and 36 months' supervised release to follow

Type of Supervision: Supervised Release      Date Supervision Commenced: June 29, 2012

Assistant U.S. Attorney: Philip H. Wehby      Defense Attorney: Ronald C. Small

---

### PETITIONING THE COURT

        To issue a Summons.
**X**      To issue a Warrant.
**X**      To Consider Additional Violations/Information

---

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
     ☐ Sealed Pending Warrant Execution
         (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons
☒ Other *to consider additional violations of release* [handwritten]

Considered this ___ day of _____, 2013,
and made a part of the records in the above case.

_____
William J. Haynes, Jr.
Chief United States District Judge

I declare under penalty of perjury that the
foregoing is true and correct. Respectfully
submitted,

_____
Eric Illarmo
U.S. Probation Officer

Place      Nashville, TN

Date      March 13, 2013

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 47, has been amended as follows:

>Violation No. 2 - has been amended to include additional failures to appear for drug testing in February and March 2013.

>Violation No. 4 - has been added to include failure to appear on a Summons issued by the Court on February 26, 2013.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1. | **The defendant shall refrain from any unlawful use of a controlled substance:** <br> Since his release from custody, Mr. Brown has tested positive for illegal drug use 6 times. Two of the positive tests occurred prior to his modification hearing on August 17, 2012. Following that hearing, on August 21, 2012, Mr. Brown submitted a drug test sweat-patch that tested positive for cocaine. On August 27, 2012, the defendant submitted a urine screen which tested positive for cocaine, and he admitted to using crack cocaine on or about August 25, 2012. On December 6, 2012, the defendant tested positive for cocaine. He admitted to smoking crack on or about December 1, 2012. Mr. Brown again tested positive for cocaine and marijuana on December 28, 2012. He admitted to smoking crack cocaine four days prior and stated he used marijuana on or before December 14, 2012. |
| 2. | **The defendant shall participate in a program of drug testing and substance abuse treatment which will include out-patient and in-patient treatment as deemed necessary by the United States Probation Office for a period not to exceed 30 days, and shall be followed by placement into a residential reentry center (RRC) program or similar program for a period of up to 180 days:** <br> On November 30, 2012, Mr. Brown absconded from the Diersen RRC program. He failed to appear for scheduled substance abuse treatment at Centerstone Mental Health on December 5, 12, 19, and 26, 2012. On January 2, 2013, he failed to report for a drug test. On January 3, 2013, he failed to produce a sample for testing and admitted to smoking crack cocaine on January 1, 2013. The defendant was next referred to the Elam Center, where he completed a 14-day inpatient substance abuse program on January 25, 2013; however, on January 29, 2013, he failed to report for his scheduled outpatient treatment at the Elam Center. The defendant failed to report to the probation office for random drug testing on February 13, February 26, and March 11, 2013. |
| 3. | **The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment:** <br> On November 30, 2012, Mr. Brown left the RRC program and changed his residence to 180 Wallace Road, Apartment P8, Nashville, Tennessee, without giving the probation officer prior notice. On January 25, 2013, the defendant left the Elam Center at the termination of his program, but he, again, failed to notify his probation officer of his change of residence. |

4.  
New  
Violation

**You are summoned to appear before the United States District Court on February 26, 2013, at 10:00 a.m., to answer to one or more offenses or violations based on the Supervised Release Violation Petition filed with the Court:**

On February 26, 2013, the defendant failed to report on the Summons as ordered.

**Compliance with Supervision Conditions and Prior Interventions:**
Mr. Gregory William Brown began his term of supervised release on June 29, 2012, and is currently scheduled to complete his term on June 28, 2015.

Following his release from incarceration, Mr. Brown began using illegal drugs. On July 13, 2012, the defendant was drug tested and provided a diluted urine sample, and, after repeated attempts, he could not provide a sample that was valid. He admitted he used cocaine on or about July 4, 2012. At this point, a sweat-patch was applied to the defendant to monitor his substance use. On July 20, 2012, the defendant reported to the office and admitted to removing his sweat-patch and using crack cocaine on July 18, 2012. He submitted a urine sample that was positive for cocaine. On August 6, 2012, the defendant again reported to the office and submitted a urine sample that was positive for cocaine. He admitted to using crack cocaine on August 4, 2012.

On August 17, 2012, the Court ordered a modification to the conditions of Mr. Brown's release to include a program of drug testing and substance abuse treatment which included out-patient and in-patient treatment as deemed necessary for a period not to exceed 30 days, to be followed by placement into a residential reentry center program for a period of up to 180 days.

On August 21, 2012, Mr. Brown submitted a drug test sweat-patch that tested positive for cocaine. On August 27, 2012, the defendant submitted a urine sample which tested positive for cocaine, and he admitted to using crack cocaine on or about August 25, 2012. He was directed to report to the probation office weekly for drug testing. The defendant complied and submitted 5 negative urine samples between September 4 and September 14, 2012. On September 14, 2012, he was assessed by Centerstone Mental Health to address any substance abuse or mental health treatment needs he may have. The evaluator at Centerstone recommended that Mr. Brown be enrolled in the low intensity out-patient program, to include weekly group treatment sessions. He attended his first therapy session on October 17, 2012. He attended regularly until the end of November 2012, when he missed all subsequent scheduled sessions.

On October 1, 2012, Mr. Brown reported to Diersen Charities RRC. The defendant reportedly did well at the RRC until November 29, 2012, when he left the facility and failed to return.

Mr. Brown reported to the probation office on December 6, 2012. He stated that he left the RRC because he felt he was treated unfairly. He admitted to using 1.5 grams of crack cocaine and some marijuana after his departure, and he submitted a urine sample which was positive for cocaine. His drug testing frequency was increased, and he was referred for in-patient treatment at the Elam Center. He was directed to report to the Elam Center on December 12, 2012 for an intake assessment, which he failed to do.

On December 28, 2012, a urine sample was obtained from the defendant which tested positive for cocaine. At that time, Mr. Brown admitted to using crack cocaine on December 24, 2012. On January 2, 2013, the defendant failed to appear for a drug test. On January 3, 2013, the defendant reported to the office at 4:30 p.m. and was unable to produce a urine sample by 5:00 p.m. He admitted to using crack cocaine on January 1, 2013.

On January 9, 2013, Mr. Brown began in-patient substance abuse treatment at the Elam Center. He completed his treatment and was discharged on January 25, 2013; however, he failed to notify his probation officer of the change in residence. On January 29, 2013, the defendant failed to appear for scheduled out-patient treatment at the Elam Center.

The defendant failed to report for drug testing at the probation office on February 13, February 26, and March 11, 2013.

On February 26, 2013, the defendant failed to report on a Summons issued by the Court. The probation office attempted to notify the offender to report via letter and phone message.

To date, Mr. Brown has failed to contact the probation office despite messages left on his voicemail, left with his mother, and sent to his email address. The last contact with the defendant was January 3, 2013, and he has not submitted his monthly supervision report for January or February, 2013. Mr. Brown's current location is unknown.

**Update of Offender Characteristics:**
There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**
It is respectfully requested that a warrant be issued for Mr. Gregory William Brown, so that he may appear before the Court to answer to the violation behavior outlined above. This matter has been reported to Assistant U. S. Attorney Philip H. Wehby who concurs with the recommendation.

Approved: _[signature]_
Britton Shelton
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. GREGORY WILLIAM BROWN, CASE NO. 3:03-00210-01

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003   PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C felony) *18 U.S.C. § 3583(e)(3)* | 8-14 months *U.S.S.G. §7B1.4* | No recommendation |
| SUPERVISED RELEASE: | 36 months less any term of imprisonment *18 U.S.C. 3583(h)* | 1-3 years *U.S.S.G. §5D1.2(a)(2)* | No recommendation |

Revocation is mandatory if the defendant refuses to comply with drug testing imposed as a condition of supervised release, 18 U.S.C. § 3583(g)(3). 18 U.S.C. § 3583(g)(4) also provides for mandatory revocation if the defendant, as a part of drug testing, tests positive for illegal controlled substances fore than 3 times over the course of 1 year. The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test. 18 U.S.C. § 3583(d).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may revoke probation or supervised release or extend the term of probation or supervised release and/or modify the conditions of supervision, U.S.S.G. § 7B1.3(a)(2).

Upon a finding that a defendant violated a condition of probation or supervised release by refusing to comply with a condition requiring drug testing, the court is required to revoke probation or supervised release and impose a sentence that includes a term of imprisonment. U.S.S.G. § 7B1.4, <u>Application Note: 5</u>.

In the case of a revocation based, at least in part, on a violation of a condition specifically pertaining to community confinement, intermittent confinement, or home detention, use of the same or a less restrictive sanction is not recommended, U.S.S.G. § 7B1.3(c)(3).

Respectfully Submitted

_____
Eric Illarmo
U.S. Probation Officer

Approved:

_____
Britton Shelton
Supervising U.S. Probation Officer

# VIOLATION WORKSHEET

1. Defendant <u>Gregory William Brown</u>

2. Docket Number (Year-Sequence-Defendant No.) <u>3:03-00210</u>

3. District/Office <u>Middle District of Tennessee</u>

4. Original Sentence Date <u>July 15, 2005</u>
   month day year

(if different than above):

5. Original District/Office <u>Same as above</u>

6. Original Docket Number (Year-Sequence-Defendant No.) <u>Same as above</u>

7. List each violation and determine the applicable grade (see §7B1.1):

| Violation(s) | Grade |
|---|---|
| Use of a Controlled Substance | C |
| Failure to participate in treatment | C |
| Failure to notify prior to a change in residence | C |
| Failure to report as directed | C |

8. Most Serious Grade of Violation (see §7B1.1(b))  | C |

9. Criminal History Category (see §7B1.4(a))  | VI |

10. Range of Imprisonment (see §7B1.4(a))  | 8-14 months |

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

    (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

■ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

   (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available. Any term imposed upon revocation shall be ordered to be served consecutively to any sentence of imprisonment, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation. § 7B1.3(f).

Defendant: <u>Gregory William Brown</u>

12. Unsatisfied Conditions of Original Sentence

   List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (<u>see</u> §7B1.3(d)):

   Restitution($): <u>$1,870.25</u>       Community Confinement: <u>120 days</u>

   Fine($):       <u>0</u>                Home Detention:         <u>0</u>

   Other:         <u>0</u>                Intermittent Confinement: <u>0</u>

13. Supervised Release

   If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (<u>see</u> §§7B1.3(g)(1)).

   Term: _____

   The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original sentence.

   Period of supervised release to be served following release from imprisonment:_____

14. Departure

   List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:


15. Official Detention Adjustment (<u>see</u> §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission, 1331 Pennysylvania Avenue, N.W. Suite 1400, Washington, D.C. 20004, Attention: Monitoring Unit

1/11/90

**Defendant's Address:**

Gregory William Brown
180 Wallace Road
Apartment P8
Nashville, Tennessee 37211